52 F.3d 337
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Keith JUDD, Plaintiff-Appellant,
v.
UNIVERSITY OF NEW MEXICO; Donald Grady, II, UNM Police
Chief; Albuquerque Police Department, Defendants-Appellees.
 No. 94-2236.
(D.C. No. CIV-94-740)
 United States Court of Appeals, Tenth Circuit.
 April 17, 1995.
 
 Before ANDERSON, TACHA, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 This matter arises from a civil rights complaint filed in federal district court by plaintiff Keith Judd against the University of New Mexico, the University of New Mexico police chief, the Albuquerque, New Mexico police department, and the United States Secret Service. Plaintiff appeals a September 6, 1994, order of the district court adopting the recommendation of the magistrate judge that the settlement agreement entered into by the parties in this case be enforced. Plaintiff moves this court for an injunction pending appeal, compelling the University of New Mexico to allow him to enroll in classes and to have unrestricted access to the campus.
 
 
 2
 As an initial matter, this court needs to examine its jurisdiction to entertain plaintiff's appeal. This court only can acquire jurisdiction over an appeal upon the timely filing of a notice of appeal. Weston v. Weston (In re Weston), 18 F.3d 860, 862 (10th Cir.1994). The requirement of a timely notice of appeal is mandatory and jurisdictional. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978).
 
 
 3
 A notice of appeal must be filed within thirty days of entry of the judgment or order appealed from unless the United States is a party, in which case the notice must be filed within sixty days of entry of judgment. Fed. R.App. P. 4(a)(1). Here, plaintiff filed his notice of appeal on October 20, 1994, forty-four days after the September 6, 1994, entry of the district court order he appeals from. Plaintiff claims that because the United States Secret Service was a named defendant in his complaint, he has sixty days to file his notice of appeal. However, pursuant to stipulation of the parties, the United States Secret Service was dismissed as a party on May 16, 1994, and is not a party to this appeal. This raises the question whether plaintiff's notice of appeal, filed forty-four days after entry of judgment, is timely.
 
 
 4
 In Costner v. Oklahoma Army National Guard, 833 F.2d 905, 906 (10th Cir.1987), this court addressed this issue under similar circumstances. In Costner, the plaintiff had named as a defendant an officer in the United State Army. Because this officer was then voluntarily dismissed from the lawsuit by the plaintiff, we determined that the officer's "participation in the lawsuit will not serve to extend the time for appeal to sixty days." Id.; see also Maryland Casualty Co. v. Conner, 382 F.2d 13, 15 (10th Cir.1967)(holding that the United States was not a party for purposes of Rule 4(a) because all of the interest of the United States had been finally determined prior to the entry of the judgment from which the appeal was taken).
 
 
 5
 Therefore, because the United States has no interest in this appeal, plaintiff's notice of appeal, filed forty-four days after entry of judgment, is untimely. The appeal, No. 94-2236, is DISMISSED for lack of appellate jurisdiction. Plaintiff's motion for injunction pending appeal is DENIED.
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470