**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 2 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KEITH JUDD,

      Plaintiff-Appellant,

v.

THE UNIVERSITY OF NEW
MEXICO, DONALD GRADY, II,
University of New Mexico Police
Chief and ALBUQUERQUE POLICE
DEPARTMENT,

      Defendants-Appellees.

No. 97-2273
(D.C. No. CIV-93-740-LH)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

This is appellant's third appeal in this case. His first appeal was dismissed as untimely. See Judd v. University of N.M., No. 94-2236, 1995 WL 228234 (10th Cir. Apr. 17, 1995). We dismissed a second appeal on February 24, 1997, but remanded this case to the district court for consideration of his motion for extension of time to file a notice of appeal pursuant to Fed. R. App. P. 4(a)(6). See Judd v. University of N.M., No. 96-2227 (10th Cir. Feb. 24, 1997) (order dismissing appeal). The district court thereafter granted appellant's motion for extension of time, and he filed the present appeal.

Appellant filed this civil rights suit in 1993. He suffers from bipolar affective disorder, for which he has from time to time taken prescribed medications. These medications, together with other factors, may affect his ability to understand and reason.

This case was assigned for a settlement conference before Chief Magistrate Judge William W. Deaton on February 3, 1994. At the February conference, appellant appeared confused and unable to participate meaningfully. He was unable to respond intelligently to questions, and appeared disheveled, teary-eyed and uncomfortable. At his request, the conference was continued to allow him to

"work through his treatment" to the point where he could more intelligently participate. Appellee's Supp. App. at 17.

A second conference was held on April 12, 1994. At this conference, appellant displayed none of the characteristics or problems evident at the February conference. With Magistrate Judge Deaton's assistance, the parties reached an oral settlement, which included provisions granting relief to appellant in return for the dismissal of his complaint.

On April 13, 1994, the day after the settlement conference, appellant wrote to Magistrate Judge Deaton, indicating that he did not have a clear understanding of the settlement which had been reached. Magistrate Judge Deaton responded that given the nature of the discussions, he found this claim "difficult . . . to believe." Appellant's App. tab E.

Appellant refused to sign a written settlement agreement circulated to him by appellees' counsel. Appellees filed a motion to enforce the settlement agreement. The district court ordered Magistrate Judge Lorenzo F. Garcia to conduct an evidentiary hearing concerning the settlement conference and to make recommendations on whether the settlement agreement should be enforced. He also ordered Magistrate Judge Deaton to file a certificate indicating his recollections of the settlement conference.

Magistrate Judge Deaton filed his certificate with the district court indicating that appellant had participated in the settlement conference in an intelligent and coherent manner, and that a settlement had been reached. See id. tab G. He certified that the written settlement agreement circulated by appellees' counsel correctly reflected the terms of the settlement which had been reached at the April conference. See id.

Magistrate Judge Garcia held the evidentiary hearing and heard testimony from the parties, including appellant. He found that "[appellant] demonstrated a sound presence and fully participated in settlement negotiations. He vigorously represented his own interests. He put forth settlement proposals and rejected others. He responded to questions intelligently and competently." Id. tab M at 2. Magistrate Judge Garcia further found that appellant participated knowingly and intelligently in the settlement conference, that the parties had reached a settlement agreement which represented a meeting of their minds, but that appellant later changed his mind and sought to renegotiate the settlement on a basis more favorable to himself.

The district court adopted Magistrate Judge Garcia's proposed findings and recommended disposition, and ordered appellant to sign the written settlement agreement. Appellant instead filed a plethora of additional motions and a premature notice of appeal. On February 2, 1996, the district court entered a final

order, in which it noted appellant's continued refusal to sign the settlement agreement, dismissed his complaint with prejudice, and imposed filing restrictions on appellant.

### I. Enforcement of the Settlement Agreement

Appellant argues that the district court should not have enforced the settlement agreement, because when he agreed to it he was under the influence of psychotropic medications, which made him incapable of understanding and/or consenting to its terms. We review the court's order approving a settlement agreement for abuse of discretion. See United States v. Hardage, 982 F.2d 1491, 1495 (10th Cir. 1993).

"[T]he formation, construction, and enforceability of a settlement agreement is governed by local contract law." Carr v. Runyan, 89 F.3d 327, 331 (7th Cir. 1996), cert. denied, 117 S. Ct. 962 (1997). "This is true even though the underlying cause of action is federal." United Comm'l Ins. Serv., Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir. 1992).

New Mexico law favors the settlement of disputed claims. See Gonzales v. Atnip, 692 P.2d 1343, 1344 (N.M. Ct. App. 1984). Absent proof of a violation of the statute of frauds or other valid defense, an oral settlement is as enforceable as a written one. See Rojo v. Loeper Landscaping, Inc., 759 P.2d 194, 196 (N.M. 1988).

Mental incapacity of a party may render his contracts unenforceable. See Ex Parte Romero, 181 P.2d 811, 813 (N.M. 1947). "The test of mental capacity is whether a person is capable of understanding in a reasonable manner, the nature and effect of the act in which the person is engaged." In re Estate of Head, 615 P.2d 271, 274 (N.M. Ct. App. 1980). A person who is generally incompetent may, during a "lucid interval," have sufficient capacity to conduct his affairs or to ratify a previous transaction. See id. (quoting Restatement (Second) of Agency, § 122, comment d (1958)). The presumption is in favor of competency. See id. "A party seeking relief from . . . a settlement has the burden of persuasion." Gonzales, 692 P.2d at 1344.

Having carefully reviewed the transcript of the evidentiary hearing, Magistrate Judge Deaton's certificate, Magistrate Judge Garcia's recommendation, the district court's orders, and other pertinent portions of the record, we conclude that the district court did not abuse its discretion in enforcing the settlement agreement. The record amply supports the district court's findings that the settlement agreement was the product of appellant's knowing, voluntary and intelligent decision, that it represented a meeting of the minds of the parties concerned, and that its terms should be enforced.

Appellant has raised a number of other procedural and substantive challenges to the enforcement of the settlement agreement and the dismissal of

this case. We have reviewed each of them, and have determined that they lack merit.

II. Filing restrictions imposed in order of final judgment

As part of its final judgment order, the district court enjoined appellant from filing any further pleadings in this case, or any further suits in the United States District Court for the District of New Mexico,

> except when represented by an attorney licensed to practice law in the federal bar and in the state of New Mexico who shall affirm in any pleading filed by [appellant] that good grounds in law exist therefor, or by the prior approval of a federal district judge, in the district of New Mexico, who may give approval in writing for [appellant] to file any proceeding or pleadings *pro se*.

R. Vol. IV, doc. 199 at 4.

Appellant argues that this injunction is overbroad, because it prohibits him from filing any further suits pro se in New Mexico federal district court. Given the history of this case, we conclude that the order is both overbroad and insufficiently restrictive. It is overbroad, because it restricts appellant from filing any action pro se in the New Mexico federal district court against any defendant without permission. It is insufficiently restrictive, on the other hand, to definitively bring to a halt appellant's filing of frivolous and vexatious pleadings concerning the subject matter and defendants in this case. We will remand to the district court to modify its order concerning filing restrictions. We further

announce our intention to impose our own filing restrictions on appellant with regard to this case.

Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances. See Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir. 1989). Injunctions restricting further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. See id. at 353-54.

1. Appellant's lengthy and abusive filing history

The record on appeal, and our own files and records concerning this case, reveal appellant's lengthy and abusive filing history. After the district court entered its order requiring appellant to sign the settlement agreement, appellant instead filed over fifty further vexatious, largely meritless pleadings. After the district court dismissed this case and imposed filing restrictions, appellant pursued further litigation against defendants in the Western District of Texas. That court has now dismissed his complaint for lack of jurisdiction.

Appellant has filed three appeals in this court concerning this case. In his previous two appeals, appellant filed many frivolous or successive pleadings.

-8-

After we dismissed his appeal in No. 94-2236 for lack of jurisdiction, appellant filed, in succession, a petition for rehearing, a "petition for writ of error," and a motion for relief from judgment pursuant to Fed. R. C.V. P. 60. In an order dated July 11, 1995, we cautioned appellant that this court would not accept any subsequent motions requesting further review of the dismissal order. See Judd v. University of N.M., No. 94-2236 (10th Cir. July 11, 1995). Nevertheless, appellant persisted in attempting to obtain untimely review, by filing two "amended" notices of appeal, and an appeal to this court from a magistrate judge's denial of his request for counsel. This court entered an order informing appellant that it would not entertain any additional requests to review the untimely issues of his appeal, and admonished him that any additional filings would result in sanctions. See id. (order of Sept. 5, 1995).

In the present appeal, appellant has filed numerous successive motions for preliminary injunction pending appeal and amendments thereto, necessitating multiple orders of this court denying relief. See Judd v. University of N.M., No. 97-2273 (10th Cir. Sept. 23, 1997) (order denying injunction); (10th Cir. Oct. 3, 1997) (order denying injunction); (10th Cir. Oct. 22, 1997) (order). He has also filed in this court a pleading entitled "Petition for Multidistrict Litigation Under 28 U.S.C. (§) 1407," announcing his intention to consolidate the dismissed action in the Western District of Texas with the present appeal. Appellant has a

pattern of filing frivolous and/or successive pleadings, both in this court and the district court.

2. Overbreadth of district court order

Although appellant has a history of vexatious filings in this case, the district court's order imposing filing restrictions is overbroad. Appellant's lengthy and abusive filing history is limited to pleadings filed in this case or against these defendants and is therefore inadequate to justify a restriction imposed on all future filings pertaining to any subject matter and any defendant. The filing restriction order should be specifically tailored to filings pertaining to the parties and subject matter of this case. See, e.g., Van Sickle v. Holloway, 791 F.2d 1431, 1437 (10th Cir. 1986) (prohibiting complaints raising same or similar allegations in case at bar); Castro v. United States, 775 F.2d 399, 408 (1st Cir. 1985) (barring further pleadings in case or further litigation with regard to specific subject matter); Shuffman v. Hartford Textile Corp. (In re Hartford Textile Corp.), 681 F.2d 895, 897-98 (2d Cir. 1982) (same).

3. Underinclusiveness of district court's order

In addition to being overbroad, the district court's order may also be underinclusive. It allows appellant to file further proceedings in this case with the assistance of an attorney or with leave of court. In light of appellant's abuse

of the federal court system with regard to these parties and subject matter, a more aggressive remedy appears to be needed. On remand, the district court should consider whether its order concerning filing restrictions should be phrased to bar appellant absolutely from filing any further pleadings in this case, and any further cases in the District of New Mexico, against appellees relating to the subject matter of this case. See, e.g., Castro, 775 F.2d at 408.

Before imposing any additional sanctions, the district court should give appellant notice and the opportunity to oppose its order. See Tripati, 878 F.2d at 354. An in-person hearing is not required for this purpose; appellant may communicate his objections in writing. See id.[1]

### 4. Filing restrictions in this court

We have detailed appellant's lengthy and abusive filing history in this court. Because appellant has abused the appellate process in a manner similar

---

[1]  The order also does not spell out "with precision and clarity" how appellant is to go about obtaining permission to make future pro se filings. See Ketchum v. Cruz, 961 F.2d 916, 921 (10th Cir. 1992). If, on remand, the district court bars appellant absolutely from filing any further pleadings in this case or against these parties involving the subject matter of this case, permission to make filings will not be a necessary topic of its amended order. In the event that the amended order does allow appellant to seek permission to make further filings, however, the district court should specifically instruct appellant concerning procedures for obtaining such permission. See, e.g., Werner v. State of Utah, 32 F.3d 1446, 1449 (10th Cir. 1994); State of Colorado ex rel. Colorado Judicial Dep't v. Fleming, 726 F. Supp. 1216, 1222-24 (D. Colo. 1989).

to his abuse of the district court process, we impose the following reasonable filing restrictions upon him. See Werner v. State of Utah, 32 F.3d 1446, 1448-49 (10th Cir. 1994).

This court will not accept any further filings from appellant pertaining to this appeal. The clerk of this court shall return any such filings, unfiled, to appellant. Moreover, this court will not accept any further appeals or original proceedings relating to the parties and subject matter of this case filed by appellant.

Appellant shall have ten days from the date of this order to file written objections, limited to fifteen pages, to these proposed sanctions. If appellant does not file objections, the sanctions shall take effect twenty days from the date of this order. If appellant does file timely objections, these sanctions shall not take effect until after this court has ruled on his objections. The filing restrictions shall apply to any matter filed after that time.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED, with the exception of that portion of the order placing filing restrictions on appellant, which is REVERSED and REMANDED for

further proceedings in light of this order and judgment. Appellant is ENJOINED from further filings in this court pertaining to this appeal, or these parties and subject matter, except as noted herein.

Entered for the Court

Stephen H. Anderson
Circuit Judge