# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

KEITH JUDD,

      Plaintiff-Appellant,

v.

No. 99-2008

THE UNIVERSITY OF NEW
MEXICO; DONALD GRADY, II;
ALBUQUERQUE POLICE
DEPARTMENT; U.S. SECRET
SERVICE,

      Defendants-Appellees.

ORDER
Filed March 22, 2000

Before **BALDOCK** , **HENRY** , and **MURPHY** , Circuit Judges.

On February 29, 2000, we entered an opinion dismissing Mr. Judd's appeal in this case for lack of jurisdiction and imposing appellate sanctions on him. Judd v. University of New Mexico , No. 99-2008, 2000 WL 228298 (10th Cir. Feb. 29, 2000). Mr. Judd was given an opportunity to file objections to the sanctions, and he has done so.

We conclude that Mr. Judd's objections to the proposed filing restrictions lack merit. Accordingly, the restrictions set forth in our February 29, 2000 opinion shall take effect upon the date this order is filed.

Finally, upon its own motion, the court has determined that amendment of the February 29, 2000 opinion is necessary. Accordingly, the court's previous opinion in this case is amended by deleting footnote two in its entirety. A copy of the court's amended opinion is attached to this order.

Entered for the Court

Patrick Fisher, Clerk of Court

By: Keith Nelson
     Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 29 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

KEITH JUDD,

       Plaintiff-Appellant,

v.

THE UNIVERSITY OF NEW
MEXICO; DONALD GRADY, II;
ALBUQUERQUE POLICE
DEPARTMENT; U.S. SECRET
SERVICE,

       Defendants-Appellees.

No. 99-2008

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. CIV-93-740-LH)**

---

Submitted on the briefs:

Keith Judd, pro se.

Norman F. Weiss, Simone, Roberts & Weiss, P.A., Albuquerque, New Mexico,
for Defendant-Appellee University of New Mexico.

---

Before **BALDOCK**, **HENRY**, **MURPHY**, Circuit Judges.

---

**BALDOCK**, Circuit Judge.

In Judd v. University of New Mexico, No. 97-2273, 1998 WL 314315 (10th Cir. Jun. 2, 1998) (unpublished disposition), we reversed the district court's order imposing filing restrictions on Mr. Judd, and remanded this case to the district court. On February 9, 1999, the district court entered an order imposing amended filing restrictions on Mr. Judd, from which he now appeals.[1] We lack jurisdiction over Mr. Judd's appeal, but we now announce additional filing restrictions in this court on Mr. Judd.

1. Appellate jurisdiction

We consider first whether we have jurisdiction over this appeal. The district court entered its order proposing amended filing restrictions on October 30, 1998. On December 17, 1998, Mr. Judd filed a notice of appeal from the October 30, 1998 order. The notice of appeal was premature; the district court's order proposing sanctions was not a final, appealable order, because it did not "end[] the litigation on the merits and leave[] nothing for the court to do but

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

-2-

execute the judgment." Van Cauwenberghe v. Biard, 486 U.S. 517, 521 (1988) (quotation omitted). [2]

Under Fed. R. App. P. 4(a)(2), a premature notice of appeal may ripen when the district court enters its final order. Mr. Judd's notice of appeal did not ripen when the district court entered its final order imposing filing restrictions on February 9, 1999, however. The order proposing filing restrictions was subject to Mr. Judd's objections and therefore would not have been final even if immediately followed by entry of judgment. See FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 498 U.S. 269, 276 (1991) ("Rule 4(a)(2) permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that *would be appealable if immediately followed by the entry of judgment.*"). We therefore conclude that Mr. Judd's December 17, 1998 notice of appeal was ineffective to appeal from either the order proposing filing restrictions or the ultimate order imposing filing restrictions. Cf., e.g., Perez-Priego v. Alachua County Clerk of Court, 148 F.3d 1272, 1273 (11th Cir. 1998) (applying FirsTier, holding that

---

[2] Since our June 2, 1998 remand, Mr. Judd has filed a number of notices of appeal and amended notices of appeal purporting to appeal from the district court's disposition of a motion for reconsideration which he filed in 1996. These untimely notices of appeal did not create jurisdiction in this court and are not properly before us.

notice of appeal from magistrate judge's recommendations did not ripen when district court entered final judgment).

On April 5, 1999, Mr. Judd filed a second notice of appeal, this time from the February 9, 1999 order. This notice of appeal was untimely. See Fed. R. App. P. 4(a)(1)(A) (granting party thirty days from entry of order appealed from to file notice of appeal). [3] It did not confer jurisdiction over this court. We therefore lack jurisdiction over Mr. Judd's appeal.

2. Prospective filing restrictions

In a previous decision in this case involving Mr. Judd, we detailed his lengthy and abusive filing history in both the district court and this court. See Judd v. University of N.M., 1998 WL 314315, at **4. Because it appeared at that time that the abusive history was "limited to pleadings filed in this case or against these defendants," id., we limited the filing restrictions to "further filings from appellant pertaining to this appeal" and "further appeals or original proceedings relating to the parties and subject matter of this case filed by appellant," id. at **5.

---

[3] Mr. Judd persists in arguing that he has sixty days to appeal because the United States Secret Service is a party to this action. See Fed. R. App. P. 4(a)(1)(B). However, the Secret Service was voluntarily dismissed from this case on May 16, 1994, and, as we recognized in a previous appeal, his argument lacks merit. See Judd v. University of N.M., No. 94-2236, 1995 WL 228234, at **1 (10th Cir. Apr. 17, 1995) (unpublished disposition).

-4-

Since the entry of our previous order, however, it has become clear that Mr. Judd's history of abusive filings is not limited to the parties or subject matter of this case. In fact, Mr. Judd has filed numerous jurisdictionally defective appeals with this court against a variety of other parties. See Judd v. Apfel, No. 98-2320 (10th Cir. Feb. 26, 1999) (dismissed for lack of appellate jurisdiction); Judd v. KOAT TV-7, No. 98-2330 (10th Cir. Feb. 3, 1999) (dismissed as jurisdictionally defective); Judd v. Coronado Mall, No. 98-2348 (10th Cir. Jan. 28, 1999) (dismissed as jurisdictionally defective); Judd v. Dantis, No. 98-2321 (10th Cir. Jan. 11, 1999) (dismissed for lack of appellate jurisdiction); see also Judd v. KOAT TV-7, No. 97-2359 (10th Cir. Feb. 20, 1998) (dismissed for failure to prosecute). Recently, we have dismissed a number of his filings for failure to pay the filing fee, because he has three strikes under 28 U.S.C. § 1915(g). See Judd v. New Mexico, No. 99-2133 (10th Cir. Aug. 16, 1999); Judd v. Apfel, No. 99-2149 (10th Cir. Aug. 16, 1999); Judd v. Coronado Mall, No. 99-2153 (10th Cir. Aug. 16, 1999); Judd v. KOAT TV, No. 99-2174 (10th Cir. Aug. 16, 1999). [4]

---

[4]     On occasion, Mr. Judd has filed an appeal which was not jurisdictionally barred or subject to dismissal for failure to pay the appropriate filing fee. See, e.g., Judd v. Dantis, No. 99-2251, 2000 WL 123755 (10th Cir. Feb. 2, 2000). These occasions, however, form only a small minority of his filings with this court.

Both the United States Supreme Court and the Fifth Circuit have imposed filing restrictions on Mr. Judd. In imposing restrictions, the Supreme Court cited Mr. Judd's abuse of its certiorari and extraordinary writ processes. See Judd v. United States Dist. Ct. for the W. Dist. of Tex., No. 99-5260, 1999 WL 809029, at *1 (U.S. Oct. 12, 1999) (order barring prospective filings in noncriminal cases). The Fifth Circuit noted:

> Appellant Keith Russell Judd has thus far filed thirty-six notices of appeal. Fifteen have been dismissed for being frivolous, for lack of jurisdiction, or for lack of prosecution. Judd also has filed no less than 180 motions, and sent at least 47 additional documents upon which no action was taken.

Judd v. United States Dist. Ct., Nos. 98-51118, 98-51195, 99-50023 (5th Cir. Apr. 26, 1999). [5] Additionally, we note that the United States District Court for the Western District of Texas has barred Mr. Judd from submitting further filings in certain actions brought in that court. See Judd v. University of N.M., No. MO-96-CA-122-F (W.D. Tex. Dec. 18, 1998) ("Omnibus Order Regarding the Attempted Filings of Keith Russell Judd"), Appellees' Supp. App., Ex. E.

Even though we lack jurisdiction to consider the merits of this appeal, we have jurisdiction to impose filing restrictions on Mr. Judd for his conduct in this and other cases. See Okon v. Commissioner, 26 F.3d 1025, 1027 (10th Cir.

---

[5] A recent examination of Fifth Circuit filing records indicates at least *sixty-six* appeals to which Mr. Judd is a party have been filed in that circuit.

1994). Mr. Judd's filings in this court have been repetitive, frivolous and malicious. More serious and broad-ranging filing restrictions are needed to prevent further frivolous and jurisdictionally defective filings. We therefore impose additional restrictions on his filings in this court, whether or not he pays a full filing fee. Mr. Judd is enjoined from proceeding as an appellant or a petitioner without the representation of a licensed attorney admitted to practice in this court, unless he first obtains permission to proceed pro se. To do so, he must take the following steps:

1. File a petition with the clerk of this court requesting leave to file a pro se proceeding;

2. Include in the petition the following information:

a. A list, by case name, number, and citation where applicable, of all proceedings currently pending or filed previously in this court by Mr. Judd, with a statement indicating the current status of disposition of, each proceeding;

b. A list apprising this court of all outstanding injunctions, contempt orders, or other judicial directions limiting his access to state or federal court, including orders and injunctions requiring him to be represented by an attorney; said list to include the name, number and citation, if applicable, of all such orders and injunctions;

3. File with the clerk a notarized affidavit, in proper legal form, which recites the issues he seeks to present, including a particularized description of the order or ruling being challenged and a short statement of the legal basis asserted for the challenge. The affidavit must also certify, to the best of his knowledge,

that the legal arguments advanced are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the appeal or other proceeding is not interposed for any improper purpose; and that he will comply with all federal appellate rules and local rules of this court.

These documents shall be submitted to the clerk of this court, who shall forward them to the chief judge for review to determine whether to permit the pro se appeal or other proceeding.  Without the chief judge's approval, the matter will not proceed.  If the chief judge approves the submission, an order will be entered indicating that the matter shall proceed in accordance with the Federal Rules of Appellate Procedure and the Tenth Circuit Rules.  Only at that juncture will the appeal or other proceeding formally be filed in this court.

These filing restrictions are in addition to the restrictions previously placed on Mr. Judd with regard to filings involving the parties and subject matter of this case.  Mr. Judd shall have ten days from the date of this opinion to file written objections, limited to fifteen pages, to these proposed restrictions.  Unless this court orders otherwise upon review of any objections, the restrictions shall take effect twenty days from the date of this opinion and shall apply to any matter filed by Mr. Judd with this court after that time.

3.  Conclusion

This appeal is DISMISSED as jurisdictionally defective.  Additional filing restrictions as set forth herein shall be imposed upon Mr. Judd unless this court orders otherwise upon review of timely filed written objections.  All pending motions are hereby DENIED.