**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 20, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

INGMAR GILLON,

      Plaintiff-Appellant,

v.

BUREAU OF PRISONS; FEDERAL
CORRECTIONAL INSTITUTION-
FLORENCE,

      Defendants-Appellees.

No. 09-1571
(D.C. No. 06-cv-02383-MSK-MEH)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **EBEL** and **LUCERO**, Circuit Judges.

---

This case began as a Freedom of Information Act (FOIA) action brought by

Plaintiff-Appellant Ingmar Gillon against Defendants-Appellees the Bureau of Prisons

and Federal Correctional Institution-Florence ("FCI-Florence"). The defendants

ultimately provided Gillon with the document that was the subject of his FOIA claim—a

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

staff sign-in log for the Special Housing Unit at FCI-Florence—and sought dismissal of Gillon's complaint for lack of subject matter jurisdiction on the ground that Gillon had received the relief he sought.  Gillon then sought to amend his complaint by adding numerous claims against prison officials pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  On February 7, 2008, the district court granted the defendants' motion to dismiss and denied the motions Gillon had filed seeking to amend his complaint by adding the Bivens claims.  Over the next year, Gillon filed three motions for reconsideration with the district court, before filing the notice of appeal that has brought the matter to this court's attention.

At the outset, we must consider whether we have jurisdiction over Gillon's appeal. On February 7, 2008, the district court granted the defendants' motion to dismiss, denied Gillon's motions to amend the complaint, and directed the Clerk of Court to close the case.  (Doc. No. 89 at 3.)  However, judgment was never entered on a separate document, as required by Federal Rule of Civil Procedure 58(a); accordingly, the judgment was deemed entered 150 days after February 7, or July 7, 2008.[1]  See Fed. R. Civ. P. 58(c)(2)(B); Fed. R. App. P. 4(a)(7)(A)(ii).  Gillon's notice of appeal was therefore due sixty days later, or September 5, 2008.  See Fed. R. App. P. 4(a)(1)(B).  His notice of

---

[1] Technically, 150 days would have been July 6, 2008, but since July 6 was a Sunday, judgment was deemed entered the next business day.  See Fed. R. Civ. P. 6(a)(1)(C).

2

appeal was not filed until December 20, 2009,[2] and so, absent tolling, his notice of appeal was untimely and we lack jurisdiction over his appeal. See Judd v. Univ. of N.M., 204 F.3d 1041, 1043 n.2 (10th Cir. 2000) (noting that "untimely notices of appeal [do] not create jurisdiction in this court").

Therefore, we must consider whether Gillon's motions to reconsider extended this deadline so as to make his notice of appeal timely. After the district court's February 7, 2008 order, Gillon filed, on February 22, a Motion to Alter or Amend Judgment, which the district court construed as brought under Federal Rules of Civil Procedure 59 and 60. The district court denied the motion on April 24, 2008. Ordinarily, "the time to file an appeal runs for all parties from the entry of the order disposing of" a Rule 59 or Rule 60 motion, in which case Gillon's notice of appeal would have been due sixty days after April 24. Fed. R. App. P. 4(a)(4)(A). However, this case is in an unusual procedural posture, wherein the "postjudgment" Rule 59/60 motion was filed and ruled upon before judgment was deemed entered. We need not determine the precise effect this has on the timing of the filing of a notice of appeal, however, because regardless of whether the sixty-day period in which Gillon could file his notice of appeal began running on July 7 (when judgment was deemed entered pursuant to Rule 58(c)(2)(B)) or April 24 (when his Motion to Alter or Amend Judgment was denied), his notice of appeal, filed in December

---

[2] The docket reflects a filing date of December 28, 2009, but the notice of appeal includes a certification showing that Gillon deposited the notice in the mail at the penitentiary where he is incarcerated on December 20. Under the prison mailbox rule, we treat December 20 as the filing date. See Fed. R. App. P. 4(c)(1).

of the following year, was untimely.

Gillon filed a second Motion to Alter or Amend Judgment on May 8, 2008—still before judgment was deemed entered under Rule 58(c)(2)(B)—which the district court denied on March 4, 2009. However, the filing of a "second motion for reconsideration . . . [does] not extend the time for filing a notice of appeal from the underlying . . . final judgment." See Ysais v. Richardson, 603 F.3d 1175, 1178 (10th Cir. 2010). Furthermore, even if this motion did somehow toll the time period in which the notice of appeal could be filed, the notice of appeal was still untimely, as it came more than sixty days after the district court's March 4, 2009 order.

Finally, Gillon filed a third Motion to Alter or Amend Judgment on March 18, 2009, which the district court denied on October 22, 2009. For the same reasons that his second Motion to Alter or Amend Judgment did not extend the time for filing a notice of appeal from the underlying judgment, his third Motion to Alter or Amend also does not permit him to appeal the underlying judgment. Therefore, we lack jurisdiction to review the underlying February 7, 2008 order.

Even though we do not have jurisdiction to review the district court's underlying order, we may still possess jurisdiction to review the district court's denial of the Third Motion to Alter or Amend Judgment because the notice of appeal was filed within sixty days of the district court's denial of that motion. Gillon styled his motion as one brought pursuant to "Rules 59(e) or 60(b)." (Doc. No. 106 at 1.) Because this motion was made more than ten days after the judgment was deemed entered, it was not proper under Rule

59(e), and must therefore be treated as a Rule 60(b) motion.  See Fed. R. Civ. P. 59(e)

(2009).[3]  Rule 60(b) permits a court to order relief

> for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Gillon did not specify upon which ground he claimed an entitlement to relief

under Rule 60(b), and the district court also did not specify which subsection it thought

applied.  Since Gillon is a pro se plaintiff, we construe his pleadings liberally.  See

Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  His motion alleges that the district court

"misapprehen[ded]" one of his claims; that the district court committed "many specific

---

[3] Rule 59(e) has since been amended to permit a 59(e) motion to be filed up to twenty-eight days after entry of the judgment.  This amendment did not go into effect until December 1, 2009, however, and so the prevailing rule at the time of Gillon's motion was ten days, although Gillon was well outside of either time frame.

errors in the court's decision to deny amending"; and that all three motions for reconsideration "were only filed due to the court's 'misapprehension of the facts' plus the 'plaintiff's position' for the 'need to correct clear error or prevent manifest injustice' in this civil case." (Doc. No. 106 at 1-3 (quoting Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).) Subsections two through five of Rule 60(b) clearly do not apply to Gillon's arguments in his third Motion to Amend or Alter Judgment; therefore, we will consider whether we have jurisdiction over a claim made pursuant to Rule 60(b)(1) or 60(b)(6) and, if we do, whether Gillon is entitled to relief.

"Rule 60(b) is not intended to be a substitute for a direct appeal." Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996). Accordingly, "when Rule 60(b)(1) is used to challenge a substantive ruling by the district court, we have required that such a motion be filed within the time frame required for the filing of a notice of appeal." Id. at 578. Here, the Rule 60(b) motion alleges that the court made mistakes in its ruling, and, as already noted, this third motion was not filed within the time frame required for filing a notice of appeal. Therefore, insofar as this motion is brought under Rule 60(b)(1), we do not have jurisdiction to consider the motion.

No jurisdictional bar clearly prevents our review of Gillon's motion to the extent it raises a claim under Rule 60(b)(6), and so we proceed to consider that claim on its merits. We review a district court's decision to deny relief under Rule 60(b)(6) "for abuse of discretion and will reverse the denial of a 60(b)(6) motion only if we find a complete absence of a reasonable basis and are certain . . . that the decision is wrong." Middle Rio

6

Grande Conservancy Dist. v. Norton, 294 F.3d 1220, 1225 (10th Cir. 2002) (internal quotations omitted).  "Relief under Rule 60(b)(6) is appropriate when circumstances are so unusual or compelling that extraordinary relief is warranted, or when it offends justice to deny such relief."  Cashner, 98 F.3d at 580 (internal quotations omitted).  The district court denied relief, noting that Gillon offered only "conclusory allegations" that the court misunderstood the facts and committed clear error and that a manifest injustice will result without relief, arguments that the district court had previously addressed and dismissed. (Doc. No. 111 at 4.)  Having reviewed Gillon's third Rule 60(b) motion, we have no trouble concluding that the district court's denial of Gillon's motion has an eminently reasonable basis, and nothing Gillon has argued below or to this court convinces us that the district court's decision was wrong.  We thus affirm the district court's denial of Gillon's Rule 60(b) motion, to the extent the motion was brought pursuant to Rule 60(b)(6).

Therefore, we DISMISS Gillon's appeal to the extent he appeals the underlying judgment or claims that his Rule 60(b) motion should have been granted based on the district court's mistake, pursuant to Rule 60(b)(1).  To the extent his appeal raises a Rule 60(b)(6) issue, we AFFIRM the district court's denial of his third Motion to Alter or

Amend Judgment.  Gillon's Motion for Leave to Proceed on Appeal Without Prepayment

of Costs or Fees is DENIED.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge