FILED
United States Court of Appeals
Tenth Circuit

February 7, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LARRY WHITE,

        Petitioner-Appellant,

v.

MARK MCKINNA, Supt. F.C.F; JOHN
W. SUTHERS, Attorney General State of
Colorado,

        Respondents-Appellees.

No. 12-1285
(D.C. No. 1:06-CV-01194-WYD)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **O'BRIEN**, Circuit Judges.

        Larry Wayne White, a prisoner of the State of Colorado appearing pro se,

appeals the district court's June 15, 2012, order to the extent it denied his motion for

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

relief from judgment under Fed. R. Civ. P. 60(b)(4) and (b)(6).[1] He also moves for

leave to proceed on appeal without prepayment of costs or fees.

## I.  This Appeal

We review the denial of a motion under Rule 60(b)(6) for an abuse of

discretion, "keeping in mind that such relief is extraordinary and may only be granted

in exceptional circumstances." *LaFleur v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir.

2003) (internal quotation marks omitted).  "A district court abuses its discretion if it

made a clear error of judgment or exceeded the bounds of permissible choice in the

circumstances." *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1178

(10th Cir. 2011) (internal quotation marks omitted).  "Where a party moves for relief

on the ground that the judgment is void under Rule 60(b)(4), however, this court

must apply the de novo standard of review." *Marcus Food Co. v. DiPanfilo*,

671 F.3d 1159, 1166 (10th Cir. 2011).

Mr. White's conclusory arguments are insufficient to demonstrate that the

district court erred under either a de novo or abuse of discretion standard.  It is also

---

[1]      On July 19, 2012, we entered an order directing Mr. White to show cause why his appeal should not be dismissed as untimely.  We explained that although his notice of appeal was dated July 12, 2012, the certificate of mailing did not include the information needed to show that the notice of appeal could be considered timely under the prison mailbox rule, in light of our opinion in *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1143 (10th Cir. 2004).  A corrected certificate of mailing may be filed at any time before the court resolves the appeal.  *Id.* at 1144 n.4 Mr. White timely filed a response to our order, attaching a corrected certificate of mailing.  *See* Fed. R. App. P. 4(c)(1).  Thus, he has established our jurisdiction over his appeal.

apparent after reviewing his litigation history that Mr. White is raising arguments that he has repeatedly raised before, and which the district court and this court have repeatedly rejected. This appeal is therefore frivolous and subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). Accordingly, Mr. White's motion for leave to proceed on appeal without prepayment of costs or fees is denied. *See Coppedge v. United States*, 369 U.S. 438, 444-46 (1962) (discussing 28 U.S.C. § 1915(a) and what is now § 1915(e)). In addition, in light of Mr. White's lengthy and abusive filing history with respect to habeas cases, set out below, it is clear that filing restrictions are necessary to curb further frivolous pro se filings.

## II. White's Litigation History

In September 1975, Mr. White was convicted, pursuant to a guilty plea, of the forcible rape of a thirteen-year old girl in violation of Colorado law. *White v. McKinna*, No. 06-cv-01194-WYD, 2012 WL 1582190, at *1 (D. Colo. May 7, 2012) (unpublished). He was sentenced to an indeterminate sentence of one day to natural life. *Id.* He was released on parole in September 1985, but in January 1986, he was charged with second-degree forgery. *Id.* His parole was revoked after "[t]he State Parole Board of Colorado found beyond a reasonable doubt that [Mr. White] violated his parole by committing second degree forgery." *White v. McKinna*, Nos. 92-1319, 92-1333, 1993 WL 207400, at *1 (10th Cir. June 9, 1993) (unpublished). But after Mr. White's parole was revoked, the prosecutor dropped the forgery charge. *Id.* Mr. White brought a habeas proceeding under 28 U.S.C. § 2254, raising numerous

challenges to the revocation of his parole. *See id.* (reviewing *White v. McKinna*, No. 06-cv-0650, Doc. 61 (D. Colo. Sept. 2, 1992)). Mr. White's overarching issue has been that the forgery charge was never proved beyond a reasonable doubt, so his parole revocation was based on insufficient evidence and a fraud on the court. *See, e.g.*, *White v. McKinna*, No. 06-cv-01194-WYD-BNB, Doc. 30, at 2 (D. Colo. Dec. 12, 2006). The district court denied habeas relief, *McKinna*, No. 06-cv-0650, Doc. 61, and we affirmed on appeal, *McKinna*, Nos. 92-1319, 92-1333, 1993 WL 207400, at *2.

Mr. White has filed numerous other habeas petitions under 28 U.S.C. § 2254, as well as other motions challenging his underlying state court conviction or the revocation of his parole. *See White v. Cooper*, No. 88-cv-00764-RPM (D. Colo. Sept. 12, 1988) (challenging 1987 denial of parole); *White v. Hesse*, No. 89-cv-01921-EWN (D. Colo. Jan. 17, 1990) (challenging his 1975 sexual assault conviction), *aff'd*, No. 90-1020 (10th Cir. June 15, 1990); *White v. Hesse*, No. 89-cv-02050-JRC (D. Colo. Feb. 23, 1990) (challenging 1986 parole revocation), *appeal dismissed*, No. 90-1088 (10th Cir. Nov. 5, 1990); *White v McKinna*, No. 91-cv-00650-ZLW (D. Colo. Sept. 2, 1992) (challenging 1986 parole revocation), *aff'd*, Nos. 92-1319, 92-1333 (10th Cir. June 9, 1993); *White v. Salazar*, No. 03-cv-02028-ZLW (D. Colo. Nov. 13, 2003) (petition for intervention challenging basis for current incarceration). He also filed a habeas proceeding, *White v. Hesse*, No. 94-cv-00182-RPM (D. Colo. June 3, 1994) (challenging 1975 conviction), that by itself generated

- 4 -

five proceedings in this court that were all denied or dismissed (Nos. 05-1562, 05-1564, 06-1015, 06-1022, 06-1455).

Mr. White has obtained no relief in the district court, and has obtained relief in this court in only one proceeding: the district court transferred to this court one of his motions under Fed. R. Civ. P. 60(b), because the district court construed it as an unauthorized second or successive habeas petition under 28 U.S.C. § 2254. We concluded that his motion should have been construed under 28 U.S.C. § 2241, which did not require this court's authorization, and we vacated the district court's transfer order and remanded the case for further proceedings. *White v. McKinna*, No. 06-1069, 2006 WL 1234867, at *1 (10th Cir. May 2, 2006) (entered on the district court docket sheet, No. 91-cv-00650-WYD-DEA, Doc. 99). The district court denied him relief on remand, concluding that his claims had been raised, or could have been raised, in his previous habeas actions. *See McKinna*, No. 06-cv-01194-WYD, 2012 WL 1582190, at *2. Yet Mr. White continued to file other habeas proceedings. *See White v. Ortiz*, No. 05-cv-00635-ZLW (D. Colo. May 19, 2005) (habeas petition transferred to circuit court as unauthorized second or successive petition), *request for authorization dismissed*, No. 05-1289 (10th Cir. Aug. 29, 2005); *White v. Hesse*, No. 06-cv-01901-ZLW (D. Colo. Jan. 5, 2007), *appeal dismissed*, No. 07-1093 (10th Cir. June 4, 2007).

Mr. White was warned by two district judges that future repetitive filings would result in the imposition of sanctions. *See White v. McKinna*, No. 06-cv-01194-

WYD-BNB, Doc. 30, at 10 (D. Colo. Dec. 12, 2006); *White v. Hesse*, No. 06-cv-01901-BNB, Doc. 7, at 7-8 (D. Colo. Jan. 5, 2007).  In June 2007, we also briefly reviewed his extensive litigation history and "add[ed] our voice to those of the district courts in warning Mr. White that future repetitive and abusive filings in this court may be met by appropriate sanctions."  *White v. Hesse*, 225 F. App'x 769, 769-70 (10th Cir. 2007) (Nos. 07-1093, 07-1029).

In an order filed on May 7, 2012, in the case now before us, the district court imposed filing restrictions.  *See White v. McKinna*, No. 06-cv-01194-WYD, 2012 WL 1582190, at *4 (D. Colo. May 7, 2012).  Under those restrictions, Mr. White is barred from "filing any motions, petitions, or applications that contain claims or arguments that were previously presented to this court in a habeas action, or could have [been] presented to the court in a habeas action, without the representation of a licensed attorney admitted to practice in the United States District Court for the District of Colorado, unless he obtains permission to proceed *pro se*." *Id.*  The district court then set out the requirements for Mr. White to obtain permission to proceed pro se.  *Id.* at *4-*5.  The district court made the restrictions final in an order filed on June 4, 2012, after Mr. White was afforded an opportunity to respond to the court's May 7, 2012, order, but did not challenge the sanctions. *See* R., Vol. 1, at 318.  Mr. White also does not challenge the district court's filing restrictions on appeal, and we affirm them.  We also impose similar filing restrictions against Mr. White.

- 6 -

III.  Filing Restrictions

"[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citation omitted) (per curiam).  "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986) (per curiam).  Mr. White has been granted the privilege of proceeding in forma pauperis in many cases, but he has abused that privilege.  The district courts and this court have also construed his filings liberally, as required for pro se litigants.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam).  "When a litigant abuses these privileges, filing restrictions are appropriate." *Werner v. Utah*, 32 F.3d 1446, 1447 (10th Cir. 1994) (per curiam).

In light of Mr. White's lengthy and abusive filing history related to his 1975 conviction and the 1986 revocation of his parole, it is clear that restrictions are necessary to curb further frivolous pro se filings.  Mr. White is therefore restricted from filing any further pro se matters with this court, however they may be titled, that raise claims decided in, or related to, his prior habeas cases.  *See Ford v. Pryor*, 552 F.3d 1174, 1180-81 (10th Cir. 2008).  Mr. White may appear through counsel in a habeas proceeding, but he is enjoined from proceeding in this court as an appellant,

petitioner, or movant seeking to raise a habeas claim without the representation of a licensed attorney admitted to practice in this court, unless he first obtains permission to proceed pro se.[2] *See Ysais v. Richardson*, 603 F.3d 1175, 1181 (10th Cir. 2010); *Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001); *Judd v Univ. of N.M.*, 204 F.3d 1041, 1044 (10th Cir. 2000).  To obtain permission to appear pro se, Mr. White must take the following steps:

1.  File a petition with the clerk of this court requesting leave to file a pro se proceeding that raises a habeas claim;

2.  Include in the petition the following information:

   a. A list, by case name, number, and citation where applicable, of all proceedings raising habeas claims currently pending or filed previously in this court by Mr. White, with a statement indicating the current status of disposition of each proceeding;

   b.  A list apprising this court of all outstanding injunctions, contempt orders, or other judicial directions limiting his access to state or federal court, including orders and injunctions requiring him to be represented by an attorney; said list to include the name, number and citation, if applicable, of all such orders and injunctions;

3.  File with the clerk a notarized affidavit, in proper legal form, which recites the issues he seeks to present, including a particularized description of the order or ruling being challenged and a short statement of the legal basis asserted for the challenge.  The affidavit must also certify, to the best of his knowledge, that the legal arguments advanced are not frivolous or made in bad faith; that they do not duplicate arguments previously raised and rejected in a prior case; and that he will comply with all federal appellate rules and local rules of this court.

---

[2]     This restriction applies to motions for authorization to file a second or successive habeas petition.

These documents shall be submitted to the clerk of this court, who will review them for compliance with the above requirements. The clerk will dismiss the appeal or other proceeding for failure to prosecute if Mr. White does not submit a fully compliant petition. *See* 10th Cir. R. 42.1. If Mr. White follows these procedures and submits a fully compliant petition, the clerk will forward the documents to the chief judge or her designee for review to determine whether to permit the pro se appeal or other proceeding. Without the approval of the chief judge or her designee, the matter will not proceed. If the chief judge or her designee approves the submission, an order will be entered indicating that the matter shall proceed in accordance with the Federal Rules of Appellate Procedure and the Tenth Circuit Rules.

IV. Conclusion

Mr. White shall have ten days from the date of this order to file written objections, limited to fifteen pages, to these proposed sanctions. *See Ford*, 552 F.3d at 1181; *Kinnell*, 265 F.3d at 1130. Unless this court orders otherwise upon review of any timely filed objections, the restrictions shall take effect twenty days from the date of this decision and shall apply to any matter filed by Mr. White with this court after that time. *See Kinnell*, 265 F.3d at 1130.

The appeal is dismissed as frivolous. Mr. White's motion to proceed on appeal without prepayment of costs or fees is denied, and he is directed to

immediately pay the outstanding balance of the filing fee. His motion for judicial notice is denied as moot.

Entered for the Court


Monroe G. McKay
Circuit Judge