United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 20, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 03-50071
Summary Calendar

————————————————

KEITH RUSSELL JUDD,

Petitioner-Appellant,

versus

DAVID WINN, Warden, Federal Medical Center;
DEVENS MASSACHUSETTS; KATHERINE HAWKS-SAWYER,
Director of Federal Bureau of Prisons;
JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-02-CV-742-JN
--------------------

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:*

Keith Russell Judd, a federal prisoner (# 11593-051), filed this action in the guise of a 28 U.S.C. § 2241 habeas petition, in a thinly-veiled attempt to avert several sanction orders that this court has entered against him previously. On April 30, 2003, this court directed the clerk of this court to refuse to file any pro se appeal concerning "any order or judgment entered

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in Judd's criminal proceeding, United States District Court Cause Nos. MO-98-CR-93 or MO-98-059M," unless he submitted proof of the satisfaction of prior sanctions. United States v. Judd, No. 02-50500 (5th Cir. Apr. 30, 2003). Judd's current action is just the latest of scores of frivolous attempts to challenge rulings in that same criminal proceeding. This frivolous appeal is in violation of the April 30, 2003, sanction order, and it is DISMISSED accordingly. Judd is ORDERED to pay another sanction in the amount of $105, payable to the clerk of this court.

The court hereby updates and consolidates its previous sanction orders. The clerk of this court and the clerks of all the district courts within this Circuit are hereby DIRECTED to refuse to file any action, appeal, motion, or pleading by Judd unless Judd submits proof of the satisfaction of his monetary sanctions. Only one exception applies to this general sanction: In accordance with this court's order in In re Judd, No. 03-50562 (5th Cir. June 30, 2003), Judd is authorized to submit in this court a nonfrivolous application for authorization to file a successive 28 U.S.C. § 2255 motion to vacate. As this court has warned Judd before, attempts to file frivolous pleadings--including a frivolous motion for authorization--will invite the imposition of further sanctions.

APPEAL DISMISSED PURSUANT TO PRIOR SANCTION ORDER; MONETARY SANCTION IMPOSED; NEW SANCTIONS ON FILING IMPOSED.