**Keith Russell JUDD, Plaintiff–Appellant,**

v.

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS, United States District Court Judge Royal Ferguson, United States Magistrate L. Stuart Platt, Karen Y. Grey-Steele, and FBI Agent Steven French, Defendants–Appellees.**

**Keith Russell Judd, Plaintiff–Appellant,**

v.

**United States and United States Court of Appeals for the Fifth Circuit, Defendants–Appellees.**

Keith Russell Judd, Plaintiff–Appellant,

v.

United States, Defendant–Appellee.

Keith Russell Judd, Plaintiff–Appellant,

v.

United States, Defendant–Appellee.

Keith Russell Judd, Plaintiff–Appellant,

v.

United States, Federal Election Commission, Federal Communications Commission, Executive Branch of U.S. Government, Legislative Branch of U.S. Government, Judicial Branch of U.S. Government, Internal Revenue Service, United States Postal Service, Federal Bureau of Investigation, Federal Bureau of Prisons, and United States Secret Service, Defendants–Appellees.

Keith Russell Judd, Plaintiff–Appellant,

v.

United States, Defendant–Appellee.

Keith Russell Judd, Plaintiff–Appellant,

v.

United States, Defendant–Appellee.

Keith Russell Judd, Plaintiff–Appellant,

v.

United States, Defendant–Appellee.

Keith Russell Judd, Plaintiff–Appellant,

v.

United States District Court Judge Royal Ferguson, Western District of Texas, Mike Melshy, Tina Bahling, Kelly an Fowden, T. Sims, Mr. Perkins, Mike McKinnon, Nancy Bailey, Mr. Martin, and Mr. Otto, Defendants–Appellees.

Keith Russell Judd, Plaintiff–Appellant,

v.

Federal Election Commission, Federal Communications Commission, and Internal Revenue Service, Defendants–Appellees.

Keith Russell Judd, Plaintiff–Appellant,

v.

United States, Defendant–Appellees.

No. 2006–1232, 2006–1291, 2006–1303, 2006–1304, 2006–1306, 2006–1345, 2006–1372, 2006–1378, 2006–1381, 2006–1399, 2006–1409.

United States Court of Appeals, Federal Circuit.

June 2, 2006.

Before NEWMAN, RADER, and SCHALL, Circuit Judges.

ON MOTION

PER CURIAM.

*ORDER*

Keith Russell Judd moves for extensions of time to pay the docketing fees in 2006–1232, 2006–1292, 2006–1303, 2006–1304, and 2006–1306. Judd also moves to "determine appellate jurisdiction" in 2006–1232.

Prior to and following his conviction in 1999 for mailing threatening communications with the intent to extort money or something of value, Judd filed a multitude of lawsuits, appeals, and petitions. This has led to various sanctions and filing restrictions against Judd. *See, e.g., Judd v. United States District Court for the Western District of Texas,* 528 U.S. 5, 120 S.Ct. 1, 145 L.Ed.2d 7 (1999) (barring prospective filings in noncriminal cases); *Judd v. University of New Mexico,* 204 F.3d 1041 (10th Cir.2000) (enjoining Judd from pro-

ceeding as an appellant, pro se, unless leave is requested and granted in a particular case); *Judd v. Winn*, 81 Fed.Appx. 479 (5th Cir.2003) (unpublished order dismissing appeal, due to failure to pay sanctions for previous cases, and imposing filing restrictions).

In the above-captioned cases recently docketed by this court, Judd has filed amended notices of appeal seeking review by this court of various district court decisions and orders. In these cases, Judd has previously appealed to the pertinent regional circuit.

In the district court case underlying appeal 2006–1232, Judd filed suit in 2005 in the United States District Court for the District of Columbia challenging his previous conviction entered by the United States District Court for the Western District of Texas. Judd also sought $10,000,000 in damages. The district court dismissed the complaint. Judd filed appeals to the United States Court of Appeals for the District of Columbia Circuit. The District of Columbia Circuit dismissed one appeal and, on July 27, 2005, the District of Columbia Circuit rejected filings because of a September 12, 2002 injunction prohibiting him from filing actions in the District of Columbia Circuit regarding his convictions in the Western District of Texas. In an apparent attempt to bypass the District of Columbia Circuit's 2002 injunction, Judd filed an amended notice of appeal, untimely seeking review of the district court's judgment in this court. Clearly, this court has no jurisdiction over the appeal. Our jurisdiction is prescribed by 28 U.S.C. § 1295.

In the district court case underlying appeal 2006–1291, Judd filed suit in 2005 in the United States District Court for the Eastern District of Pennsylvania. In April of 2005, the district court dismissed the case and Judd appealed to the United

States Court of Appeals for the Third Circuit. The Third Circuit returned the appeal because Judd was enjoined from filing in that court without prior authorization of the court of appeals. Judd filed various motions in the district court and apparently petitioned for a writ of habeas corpus. The district court denied the motions and again dismissed the case on January 25, 2006. In an apparent attempt to avoid the Third Circuit's order, Judd filed an "amended" notice of appeal, seeking review by this court. Clearly, this court has no jurisdiction over the appeal. 28 U.S.C. § 1295; 28 U.S.C. § 2253(a) ("In a habeas corpus proceeding ... the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.").

In the district court case underlying appeal 2006–1303, Judd filed suit in the United States District Court for the Eastern District of Missouri, challenging his conviction. On June 28, 2005, the district court dismissed the case for lack of jurisdiction. Judd appealed. On July 27, 2005, the United States Court of Appeals for the Eighth Circuit summarily affirmed the district court's dismissal. On November 21, 2005, Judd filed a motion for relief from the judgment. The district court denied the motion on November 28, 2005. On March 13, 2006, Judd filed an untimely "amended" notice of appeal, seeking review by this court. Clearly, this court does not have jurisdiction over this appeal. 28 U.S.C. § 1295; 28 U.S.C. § 2253(a).

In the district court case underlying appeal 2006–1304, Judd filed a petition for writ of habeas corpus in 2001 in the United States District Court for the Middle District of Florida. The district court dismissed the case and Judd appealed. The district court also denied various subsequent motions and Judd appealed. The United States Court of Appeals for the

Eleventh Circuit dismissed the appeals. On March 14, 2006, Judd filed an untimely "amended" notice of appeal, seeking review by this court. Clearly, this court does not have jurisdiction over this appeal. 28 U.S.C. § 1295; 28 U.S.C. § 2253(a).

In the district court case underlying appeal 2006–1306, Judd filed a prisoner civil rights suit in the United States District Court for the District of Colorado. The district court dismissed the case and Judd filed various motions and appeals. The United States Court of Appeals for the Tenth Circuit dismissed the appeals, noting that Judd had not complied with requirements regarding filing restrictions. Judd filed an untimely "amended" notice of appeal, seeking review by this court. Clearly, this court does not have jurisdiction over this appeal. 28 U.S.C. § 1295.

In the district court case underlying appeal 2006–1345, Judd in 2002 filed a complaint with the United States District Court for the District of New Mexico challenging the denial of Social Security benefits and challenging his incarceration. The district court dismissed the complaint and Judd appealed. Judd also filed various motions in the district court that were denied and Judd filed appeals of those orders. The United States Court of Appeals for the Tenth Circuit dismissed the appeals. Judd filed an "amended" notice of appeal seeking review by this court. Clearly, this court does not have jurisdiction over this appeal. 28 U.S.C. § 1295.

In the district court case underlying appeal 2006–1372, Judd in 2001 filed a petition for writ of habeas corpus in the United States District Court for the District of Columbia. The district court dismissed the case. Judd appealed and the United States Court of Appeals for the District of Columbia Circuit dismissed the appeal. Judd filed additional motions, which were denied, and additional appeals, which were dismissed. Judd filed an "amended" notice of appeal, seeking review by this court. Clearly, this court does not have jurisdiction over this appeal. 28 U.S.C. § 1295; 28 U.S.C. § 2253(a).

In the district court case underlying appeal 2006–1378, Judd filed a document, treated as a petition for a writ of mandamus, with the United States District Court for the Southern District of Mississippi in March of 2000. The district court dismissed the case. Judd appealed. The United States Court of Appeals for the Fifth Circuit dismissed the appeal for failure to prosecute. Judd filed additional motions and notices of appeal. The motions were denied and notices of appeal were dismissed in 2001. In 2005, Judd filed a motion for relief from the judgment in the district court. The district court denied the motion, and Judd filed an "amended" notice of appeal, seeking review by this court. Clearly, this court does not have jurisdiction over this appeal. 28 U.S.C. § 1295.

In the district court case underlying appeal 2006–1381, Judd filed a prisoner civil rights suit in the United States District Court for the District of New Jersey. The district court dismissed the case. Judd appealed and the United States Court of Appeals for the Third Circuit dismissed the case for failure to prosecute. Judd filed various motions in the district court that were dismissed as moot. Judd filed various notices of appeal. The district court ordered that no further documents would be filed. Judd appealed. The appeals were dismissed. Judd filed an amended notice of appeal, seeking review by this court. Clearly, this court does not have jurisdiction over this appeal. 28 U.S.C. § 1295.

In the district court case underlying appeal 2006–1399, Judd filed a prisoner civil rights action in the United States District

Court for the Eastern District of Missouri. The district court ordered that the complaint not be filed. Judd filed various appeals to the United States Court of Appeals for the Eighth Circuit. The Eighth Circuit affirmed. Judd filed an "amended" notice of appeal, seeking review by this court. Clearly, we do not have jurisdiction over this appeal. 28 U.S.C. § 1295.

In the district court case underlying appeal 2006–1409, Judd filed a habeas corpus petition at the United States District Court for the District of Columbia. That court transferred the case to the United States District Court for the District of Massachusetts. The Massachusetts district court dismissed the case in 2004 and denied various postjudgment motions. Judd appealed to the United States Court of Appeals for the First Circuit. The First Circuit affirmed. Judd filed additional motions in the district court and those motions were denied. Judd filed a notice of appeal, seeking review by this court. Clearly, we do not have jurisdiction over this appeal. 28 U.S.C. § 1295.

In the appeals recently docketed by this court, Judd filed motions for leave to proceed in forma pauperis in some but not all of the appeals. The motions for leave to proceed in forma pauperis were denied because 28 U.S.C. § 1915(g) prohibits in forma pauperis status for prisoners who have, on three or more prior occasions, brought an action or appeal that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted. Approximately one month ago, after the deadline for paying the fees passed, Judd filed a motion for an extension of time to pay the docketing fees, asserting that he "has made arrangements for an outside interested party to submit the Filing Fee directly." To date, no docketing fee has been paid for the "amended" notices of appeal.

It is clear that we do not have jurisdiction over these appeals. Further, Judd has not paid the required fees. Judd's abuse of the judicial process is clear. Thus, in addition to dismissing these appeals for lack of jurisdiction and for failure to pay the docketing fees, we direct the clerk to dismiss on the date of docketing any additional appeals that are forwarded to this court unless the docketing fee has been paid in full in the district court.

Accordingly,

IT IS ORDERED THAT:

(1) The appeals are dismissed.

(2) Judd's motions are denied.

(3) The clerk is directed to dismiss any additional appeals unless the docketing fee has been paid in full in the district court.