Ebrahim ADKINS, Plaintiff–Appellant,

v.

J. Thomas MARTEN, Federal District Court Judge, Defendant–Appellee.

No. 11–3102.

United States Court of Appeals, Tenth Circuit.

Aug. 1, 2011.

Ebrahim Adkins, Kansas City, KS, pro se.

Before O'BRIEN, McKAY, and TYMKOVICH, Circuit Judges.

---

## ORDER AND JUDGMENT*

MONROE G. McKAY, Circuit Judge.

After examining Plaintiff's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Plaintiff Ebrahim Adkins appeals from the district court's dismissal of his civil action against the district court judge who denied Plaintiff's prior petition for a writ of habeas corpus. The court held that Plaintiff could not overturn the ruling in the earlier habeas action through a § 1983 or mandamus action in the district court. The court thus reasoned that Plaintiff's prayers for prospective injunctive relief were barred by the mandate in the earlier decision and that Defendant's judicial immunity barred any claims for other relief. The court further concluded that, to the extent Plaintiff sought to raise new claims in habeas, such claims could not be considered because Plaintiff had not obtained Tenth Circuit authorization to file a second or successive § 2254 habeas petition.

We see no error in the district court's ruling, and we therefore **AFFIRM** the dismissal of Plaintiff's complaint for substantially the same reasons stated by the district court. Moreover, because the claims Plaintiff seeks to raise in this action were already raised and ruled on in the earlier habeas action, we **DENY** Plaintiff's request for this court to authorize the filing

of a second or successive § 2254 application.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.