FILED
United States Court of Appeals
Tenth Circuit

May 14, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

EBRAHIM ADKINS,

      Plaintiff-Appellant,

v.

J. LEE JOHNSON; JAN A. WAY;
WESLEY GRIFFIN; VICTORIA S.
MEYER; SHERI COURTNEY;
ARTHUR RHODES; JOHN KNUDSEN;
ELIZABETH MELLOR; JEROME A.
GORMAN; RYAN MALKIEWICZ;
RICK ARMSTRONG; GREG LAWSON,

      Defendants-Appellees.

No. 11-3350
(D.C. No. 5:11-CV-03159-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore,

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

submitted without oral argument.

Ebrahim Adkins, a pro se litigant proceeding in forma pauperis (hereinafter "IFP"), appeals the district court's dismissal of his action brought pursuant to 42 U.S.C. § 1983. The district court concluded that several of the defendants were immune from suit and that Adkins' suit was frivolous and failed to state a claim. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I

On September 2, 2011, Adkins filed a complaint in the United States District Court for the District of Kansas alleging that a Kansas Supreme Court justice, two Wyandotte County juvenile judges, seven attorneys in the Wyandotte County District Attorney's office, and two police officers in the Kansas City, Kansas, police department had violated his constitutional rights during the prosecution of five juvenile cases against Adkins in 1996 and 1997.

## II

Adkins' IFP status required the district court to evaluate his claims sua sponte. 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) provides that once a district court allows a plaintiff to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Here, the district court determined Adkins' action merited dismissal under all three alternatives.

2

We review a district court's decision to dismiss a complaint under § 1915(e)(2) de novo, affirming "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999) (citing Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997)). We accept the complaint's allegations as true and view them in the light most favorable to the plaintiff. Id. We further construe a pro se complaint liberally. Id.

### III

As regards the complaint filed by Adkins, the district court's conclusions were correct. Further, the district court was also correct in concluding that no amendment could save the complaint. First, the district court correctly determined that the justice and the judges are immune from suit. As we have held, "[e]xcept where a judge has acted 'in the clear absence of all jurisdiction,' the doctrine of judicial immunity shields [a] judge from liability for the judge's official adjudicative acts." Lundahl v. Zimmer, 296 F.3d 936, 939 (10th Cir. 2002) (citing Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)). Thus, the suit fails as against the justice and the judges.

Second, the district court correctly ruled that Heck v. Humphrey, 512 U.S. 477 (1994), bars a suit for damages based on the allegations that implicate the validity of the five juvenile judgments. See id. at 486–87 (holding that a claim for harm or damages, caused by actions whose unlawfulness would render a conviction or sentence invalid, is not cognizable under § 1983 if the underlying conviction or sentence has not been

3

invalidated).  Were Adkins to prevail in his pursuit of declaratory and injunction relief through § 1983 for the alleged constitutional errors, he would by necessity call into question the underlying juvenile convictions.

Third, as the district court found, Adkins fails to identify any personal participation by the police officers in the alleged violation of his constitutional rights.  Without personal participation, the officers cannot be held liable for the constitutional violations alleged.  Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008) (citing Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.")).

Accordingly, the district court's judgment is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Chief Judge

4