UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

EBRAHIM ADKINS,

      Plaintiff-Appellee,

v.

KANSAS COMMISSION ON JUDICIAL
QUALIFICATIONS,

      Defendant-Appellant.

_____

EBRAHIM ADKINS,

      Petitioner-Appellant,

v.

RICHARD ROGERS,

      Respondent-Appellee.

_____

EBRAHIM ADKINS,

      Petitioner-Appellant,

v.

RICHARD ROGERS,

      Respondent-Appellee.

_____

EBRAHIM ADKINS,

      Plaintiff-Appellant,

No. 11-3353
(D.C. No. 5:11-CV-04109-SAC-KGS)
(D. Kan.)

12-3111
(D.C. No. 5:12-CV-03076-SAC)
(D. Kan.)

12-3112
(D.C. No. 5:12-CV-03080-SAC)
(D. Kan.)

v.

SAM BROWNBACK; KATHLEEN
SEBELIUS; DAVE RIGGIN;
JONATHAN OGLETREE; KATHLEEN
GRAVES; DONALD ASH; RICK
ARMSTRONG; THOMAS BOEDING;
JOHN MCNALLY; JEROME GORMAN;
RON MILLER; LEROY GREEN, JR.;
MARTHA HENN; ROGER
WERHOLTZ,

        Defendants-Appellees.
_____

EBRAHIM ADKINS,

        Plaintiff-Appellant,

v.

SAM CROW,

        Defendant-Appellee.

12-3262
(D.C. No. 5:12-CV-03194-SAC)
(D. Kan.)

12-3334
(D.C. No. 5:12-CV-04091-JTM)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **O'BRIEN**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

- 2 -

Four of the five appeals now before us were filed by Ebrahim (formerly Abraham) Adkins. The other appeal was filed by a defendant that was served with a petition for writ of mandamus, the Kansas Commission on Judicial Qualifications. We have jurisdiction over all of these appeals under 28 U.S.C. § 1291, but, as explained below, there is no merit to any of them. And, today, we impose filing restrictions against Mr. Adkins.

Mr. Adkins has a lengthy and abusive filing history. It is sufficient to summarize his court proceedings beginning with his state arrest for drug possession in June 2001. "On June 6, 2001, Kansas City, Kansas police stopped a car in which [Abraham] Adkins was a passenger." *Adkins v. Six*, 320 F. App'x 850, 851 (10th Cir. 2009). Police obtained the driver's permission to search the car, but Mr. Adkins refused to get out. *Id.* "After police removed Adkins from the car, an officer discovered some bags on the car seat where Adkins was sitting." *Id.* The bags contained marijuana and cocaine, and "Adkins was charged with possession of marijuana and cocaine in violation of Kansas law." *Id.* He was convicted by a jury on both counts. *Id.* "The state court sentenced Adkins to 52 months' incarceration on the cocaine charge and 12 months' incarceration for the marijuana charge," to run concurrently. *Id.* The Kansas Court of Appeals affirmed his convictions, and the Kansas Supreme Court denied his petition for review. *Id.*

While he was in prison, Mr. Abraham Adkins filed a series of pro se civil rights suits under 42 U.S.C. § 1983, challenging state prison officials' restrictions on,

and handling of, his legal mail and administrative grievances, and their actions in certain disciplinary proceedings against him. *See Adkins v. Sapien*, No. 5:04-cv-03391-GTV (D. Kan. Oct. 28, 2004); *Adkins. v. Sapien*, No. 5:04-cv-03392-GTV (D. Kan. Oct. 28, 2004); *Adkins v. Sapien*, No. 5:04-cv-03427-GTV (D. Kan. Nov. 17, 2004); *Adkins v. Sapien*, No. 5:04-cv-03434-GTV (D. Kan. Nov. 18, 2004); *Adkins v. Sapien*, No. 5:04-cv-03460-GTV (D. Kan. Dec. 9, 2004); *Adkins v. Stening*, No. 5:04-cv-03469-GTV (D. Kan. Dec. 14, 2004); *Adkins v. Stening*, No. 5:05-cv-03006-GTV (D. Kan. Jan. 10, 2005). Judge Van Bebber granted Mr. Adkins' motions to proceed in forma pauperis (IFP) in all of these cases, but sua sponte dismissed all of the complaints under the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), on the basis that Mr. Adkins failed to state a claim for a violation of his federal constitutional rights. In three of these cases, Mr. Adkins did not appeal. *See Sapien*, No. 5:04-cv-03434-GTV; *Stening*, No. 5:04-cv-03469-GTV; *Stening*, No. 5:05-cv-03006-GTV. In the other four, Mr. Adkins filed a notice of appeal, but he failed to prosecute the appeals, and we dismissed them. *See Adkins v. Sapien*, No. 04-3469, order dated June 2, 2005 (D.C. No. 5:04-cv-03391); *Adkins v. Sapien*, No. 04-3470, order dated June 2, 2005 (D.C. No. 5:04-cv-03392); *Adkins v. Sapien*, No. 05-3012, order dated June 9, 2005 (D.C. No. 5:04-cv-03427); *Adkins v. Sapien*, No. 05-3038, order dated June 9, 2005 (D.C. No. 5:04-cv-03460).

Mr. Adkins then filed a petition for writ of mandamus in the district court, naming state prison officials as respondents and raising the same sort of civil rights

claims he had previously asserted. *See Adkins v. Sapien*, No. 5:05-cv-03036-SAC (D. Kan. Feb. 1, 2006). Judge Crow sua sponte dismissed the petition without prejudice because Mr. Adkins failed to assert that he had exhausted administrative remedies (which was required by Tenth Circuit law at that time) and because the court lacked power to issue a writ of mandamus to state officials. *See generally id.*, Doc. 4. Judge Crow denied Mr. Adkins' motion for leave to proceed IFP in the district court as moot and granted his motion for leave to proceed IFP on appeal. *Id.*, Docs. 4, 9. Mr. Adkins prosecuted an appeal, but we affirmed the district court's decision. *See Adkins v. Sapien*, No. 06-3104, 2006 WL 1875382, at *2 (10th Cir. July 7, 2006). Mr. Adkins' filing of civil rights suits while he was still a prisoner then came to a halt when Judge Crow denied his motion to proceed IFP in his next suit on the basis that he had accumulated at least three strikes under 28 U.S.C. § 1915(g) and had "struck out" from proceeding IFP. *See Adkins v. Werholtz*, No. 5:06-cv-03155, Doc. 5, at 1-2 & n.2 (D. Kan. June 14, 2006). Mr. Adkins did not appeal that decision.

On August 16, 2007, Adkins filed a habeas petition under 28 U.S.C. § 2254. *See Adkins v. Morrison*, No. 5:07-cv-03211-JTM (D. Kan. Aug. 16, 2007). The petition was served and briefing was completed. Judge Marten denied relief, *see id.*,

Doc. 18 (Aug. 27, 2008), and we denied a certificate of appealability (COA) and dismissed the appeal, *see Six*, 320 F. App'x at 853 (No. 08-3250).[1]

Mr. Adkins was released on parole on September 9, 2008. *Id.* In 2010, he began filing new civil rights suits under 42 U.S.C. § 1983, using the name Ebrahim Adkins. First, he sued a state court judge and state court clerk, seeking reversal of four county civil cases filed in 2003 and 2004. *See Adkins v. Sanders*, No. 5:10-cv-03164-SAC (D. Kan. Aug. 16, 2010). Judge Crow granted IFP, but sua sponte dismissed the complaint (deemed amended by Mr. Adkins' premature motion for summary judgment) under 28 U.S.C. § 1914(e)(2)(B)(i)-(iii)—that is, as frivolous and malicious, for failure to state a claim, and for seeking monetary relief from an immune defendant. *See Sanders*, No. 5:10-cv-03164-SAC, Doc. 7, at 2 (D. Kan. Apr. 26, 2011). We granted Mr. Adkins' motion for leave to proceed IFP on appeal, but we summarily affirmed the district court's reasoning and conclusion. *Adkins v. Sanders*, 432 F. App'x 748, 749 (10th Cir. 2011) (No. 11-3129).

Mr. Adkins then filed a civil rights complaint against numerous state prison officials, asserting claims related to defendants' alleged mishandling of his legal mail while he was a prisoner. *See Adkins v. Sapien*, No. 5:10-cv-03170-SAC (D. Kan. Aug. 23, 2010). Judge Crow granted IFP, *id.*, Doc. 4 (D. Kan. Nov. 16, 2010), but sua sponte dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) because it

---

[1] On January 31, 2008, Stephen N. Six replaced Paul Morrison as Attorney General of Kansas.

failed to state a claim, *see Sapien*, No. 5:10-cv-03170-SAC, Doc. 7, at 2 (D. Kan. Apr. 26, 2011). We granted IFP for appeal, but summarily affirmed the district court's reasoning and conclusion. *Adkins v. Sapien*, 432 F. App'x 751, 752 (10th Cir. 2011) (No. 11-3131).

Mr. Adkins then began suing the district judges who had denied him relief in his earlier cases, filing petitions for writ of mandamus seeking reversal of various prior adverse decisions. *See Adkins v. Marten*, No. 5:11-cv-03004-RDR (D. Kan. Jan. 4, 2011); *Adkins v. Crow*, No. 5:11-cv-03005-RDR (D. Kan. Jan. 4, 2011) (also naming Judge Van Bebber as a respondent). Judge Rogers granted IFP in *Marten*, but dismissed the petition as frivolous or malicious, for failure to state a claim, and for seeking monetary relief from an immune defendant under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). *See Marten*, No. 5:11-cv-03004-RDR, Doc. 5, at 2 (D. Kan. Apr. 6, 2011). Among other reasons given, Judge Rogers explained that to the extent Mr. Adkins sought relief from Judge Marten's denial of his habeas petition in 2008, he was required to obtain authorization from this court to file a second or successive habeas petition. *Id.* at 2-3. Judge Rogers further explained that there was no jurisdiction in the district court to issue a writ of mandamus to a federal district judge. *See id.* at 3. We summarily affirmed the district court's reasoning and conclusion on appeal, and denied Mr. Adkin's request for authorization to file a second or successive habeas petition. *See Adkins v. Marten*, 450 F. App'x 699, 700 (10th Cir. 2011) (No. 11-3102).

In *Crow*, Judge Rogers also granted IFP, but sua sponte dismissed Mr. Adkins' petition as "misguided and legally frivolous." *Crow*, No. 5:11-cv-03005-RDR, Doc. 4, at 3 (Apr. 6, 2011). Judge Rogers noted that Mr. Adkins expressly challenged the adverse decisions issued by Judge Crow and Judge Van Bebber in his nine civil rights cases from 2004 to 2006, and explained that the only relief available to him would be a separate motion under Fed. R. Civ. P. 60(b) filed in each of those prior cases. *See Crow*, No. 5:11-cv-03005-RDR, Doc. 4, at 3. Judge Rogers considered it "'patently obvious'" that Mr. Adkins could not prevail on the facts alleged in his petition. *Id.* at 4 (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). We summarily affirmed the district court's reasoning and conclusion on appeal. *Adkins v. Crow*, 432 F. App'x 748, 748 (10th Cir.) (No. 11-3103), *cert. denied*, 132 S. Ct. 592 (2011).

Mr. Adkins filed another civil rights suit against the chief of the Kansas City, Kansas, police department and other state officials, alleging that the defendants violated his constitutional rights in four municipal cases and seeking reversal of those cases. *See Adkins v. Armstrong*, No. 5:11-cv-03053-SAC (D. Kan. Mar. 2, 2011). Judge Crow granted IFP and leave to amend the complaint, but sua sponte dismissed Mr. Adkins' amended complaint under 28 U.S.C. § 1915(e)(2)(B). *Armstrong*, No. 5:11-cv-03053-SAC, Doc. 7 (D. Kan. July 26, 2011). We summarily affirmed the district court's reasoning and conclusion on appeal and denied IFP, instructing Mr. Adkins to immediately pay the balance of the appellate filing fee. *Adkins v.*

*Armstrong*, 451 F. App'x 744, 745 (10th Cir. 2011) (No. 11-3225), *cert. denied*, 133 S. Ct. 134 (2012).

Mr. Adkins filed yet another civil rights suit seeking reversal of past cases, this time naming state judges and other state officials who allegedly violated his constitutional rights in five juvenile cases in 1996 and 1997. *See Adkins v. Johnson*, No. 5:11-cv-03159-SAC (D. Kan. Sept. 6, 2011). His attachments showed that he had filed a lengthy complaint to the Kansas Commission on Judicial Qualifications (KCJQ), seeking relief against the state judges who had denied him relief in his past juvenile cases, but the KCJQ told him that it did not have the same power as an appellate court and that it could not provide him relief related to his court cases. Judge Crow granted IFP, but sua sponte dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). *Johnson*, No. 5:11-cv-03159-SAC, Doc. 4, at 1-2 (D. Kan. Nov. 8, 2011). We affirmed, expressly noting that the district court dismissed the complaint as frivolous, for failure to state a claim, and because some of the defendants were immune from suit, and stating that "[a]s regards the complaint filed by Adkins, the district court's conclusions were correct." *Adkins v. Johnson*, 482 F. App'x 318, 319 (10th Cir.) (No. 11-3350), *cert. denied*, 133 S. Ct. 439 (2012).

Mr. Adkins also filed a new petition for writ of mandamus, naming the KCJQ as the respondent. *See Adkins v. Kan. Comm'n on Judicial Qualifications*, No. 5:11-cv-04109-SAC (D. Kan. Sept. 8, 2011). He attached the KCJQ's responses to complaints he had filed (but not the complaints themselves), in which the KCJQ

had explained to him that it lacked jurisdiction to review the legal issues in his past cases. The magistrate judge construed the petition as a civil rights action under 42 U.S.C. § 1983, granted IFP, ordered service of the complaint, and ordered Mr. Adkins to amend the complaint if he wished to name the individual commission members as defendants. *Id.*, Doc. 7 (D. Kan. Sept. 22, 2011). (Mr. Adkins did not amend the complaint, but sought to add the individual commission members as defendants later in another filing.)

The KCJQ filed a motion seeking the district court's review of the magistrate judge's order granting Mr. Adkins' motion for leave to proceed IFP, arguing that the magistrate judge had failed to screen the case for merit before granting IFP, as required by 28 U.S.C. § 1915(e)(2). *Kan. Comm'n on Judicial Qualifications*, No. 5:11-cv-04109-SAC, Doc. 10 (D. Kan. Oct. 6, 2011). Judge Crow issued a memorandum and order denying the KCJQ's motion for review, but dismissing Mr. Adkins' petition because it "utterly fails to state a cognizable claim for relief." *Id.*, Doc. 15, at 14 (D. Kan. Oct. 20, 2011). Mr. Adkins filed an appeal, which we dismissed for failure to prosecute after he failed to file his opening brief. *See Adkins v. Kan. Comm'n on Judicial Qualifications*, Nos. 11-3340 & 11-3353, order dated Mar. 7, 2012. We also denied his petition for rehearing, construed as a motion to reinstate the appeal. *Id.*, No. 11-3340, order dated Apr. 3, 2012. The KCJQ filed an appeal on the IFP issue, No. 11-3353, which we consider today.

Undeterred, Mr. Adkins filed two more petitions for writ of mandamus, naming Judge Rogers "et al." as respondents, and seeking relief against Judge Rogers, Judge Marten, Judge Crow, and Judge Van Bebber for their adverse decisions in several of his past cases. *See Adkins v. Rogers*, No. 5:12-cv-03076-SAC (D. Kan. Apr. 2, 2012); *Adkins v. Rogers*, No. 5:12-cv-03080-SAC (D. Kan. Apr. 3, 2012). In a single order, Judge Crow granted IFP for both petitions, but sua sponte dismissed them as "frivolous, repetitive, and abusive." *Rogers*, No. 5:12-cv-03076-SAC, Doc. 3, at 1-2 (Apr. 17, 2012). Mr. Adkins filed notices of appeal, which were designated Nos. 12-3111 and 12-3112, and which are two of the appeals before us today. The district court denied IFP for appeal in both cases.

Mr. Adkins filed another mandamus petition naming Judge Crow as respondent, seeking relief from Judge Crow's adverse decision in *Adkins v. Kansas Commission on Judicial Qualifications*, No. 5:11-cv-04109-SAC. *See Adkins v. Crow*, No. 5:12-cv-04091-JTM (D. Kan. Aug. 2, 2012). As noted above, we had dismissed Mr. Adkins' appeal from that decision for failure to prosecute because he failed to file an opening brief. *See Kan. Comm'n on Judicial Qualifications*, Nos. 11-3340 & 11-3353, order dated Mar. 7, 2012. The magistrate judge granted IFP, but recommended that the new mandamus petition be sua sponte dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous and malicious and that Mr. Adkins be warned about future filing restrictions. *Crow*, No. 5:12-cv-04091-JTM , Doc. 5, at 3-4 (D. Kan. Aug. 28. 2012). Mr. Adkins filed objections to the

recommendation, but Judge Marten adopted it and dismissed the mandamus petition as "frivolous, repetitive, and abusive," *id.*, Doc. 7, at 1 (D. Kan. Dec. 5, 2012). In the same order, and "[a]s a result of Adkins's apparent repeated abuse of the judicial system," the court also imposed restrictions on Mr. Adkins' pro se access to the district court to file new lawsuits concerning the same subject matter raised or the same defendants named in his prior cases. *Id.* at 3. Mr. Adkins filed a notice of appeal, which was designated No. 12-3334 and is one of the appeals before us today. Mr. Adkins did not file a motion for leave to proceed IFP on appeal in the district court.

Mr. Adkins also filed a petition for writ of mandamus, naming numerous state officials as respondents and seeking relief related to his state conviction and the service of his sentence. *See Adkins v. Brownback*, No. 5:12-cv-03194-SAC (D. Kan. Sept. 11, 2012). Judge Crow granted IFP, but sua sponte dismissed the petition "as a legally frivolous action over which this court lacks jurisdiction," to the extent it sought a writ of mandamus directed to a state official, and "frivolous and abusive," to the extent it sought other relief from defendants protected by Eleventh Amendment and judicial immunity. *Id.*, Doc. 3, at 2-3 (D. Kan. Sept. 25, 2012). Mr. Adkins filed a notice of appeal, which was designated No. 12-3262 and is one of the appeals before us today. The district court denied IFP for appeal.

In addition, three other mandamus petitions are still pending in the district court. *See Adkins v. Simmons*, No. 5:12-cv-04085-EFM (D. Kan. July 5, 2012);

- 12 -

*Adkins v. Crow*, No. 5:12-cv-03239-RDR (D. Kan. Nov. 20, 2012); *Adkins v. Crow*, No. 5:12-cv-03247-RDR (D. Kan. Dec. 7, 2012).

Appeal No. 11-3353

In *Adkins v. Kansas Commission on Judicial Qualifications*, D.C. No. 5:11-cv-04109-SAC, the magistrate judge granted Mr. Adkins' motion for leave to proceed IFP prior to screening the complaint for merit under 28 U.S.C. § 1915(e)(2).  The KCJQ sought review of the magistrate judge's order, arguing that § 1915(e)(2) required screening to be done before granting IFP.  The district court denied the KCJQ's motion for review, and the KCJQ appeals.

The KCJQ argues on appeal that the magistrate judge improperly granted Mr. Adkins' motion for leave to proceed IFP before reviewing the merits of his petition under the mandatory requirements of § 1915(e)(2).  But we recently decided that the language of § 1915(e)(2) is not mandatory and, "[t]hough screening might be a good practice and more efficient, we find that nothing in this language *requires* an assigned magistrate judge to screen a case for merit or to make a recommendation for dismissal to the district court before granting IFP status."  *Buchheit v. Green*, Nos. 12-3154, 12-3158, 2012 WL 5909036, at *3-*4 (10th Cir. Nov. 27, 2012) (published opinion) (emphasis in original).  In fact, No. 11-3353 was noted in our opinion as one of several Kansas cases presenting the same issue.  *See id.* at *2.  In light of our decision in *Buchheit*, the judgment of the district court is affirmed without further discussion.

- 13 -

Appeals Nos. 12-3111, 12-3112, 12-3262, and 12-3334

Mr. Adkins moves for leave to proceed IFP in appeals Nos. 12-3111, 12-3112, and 12-3262. Because Mr. Adkins appears pro se, we construe his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). But as summarized above, the district judges have repeatedly explained, and we have confirmed, that the district courts lack power to issue a writ of mandamus to state officials or federal district court judges. These appeals are frivolous, Mr. Adkins' motions for leave to proceed IFP on appeal are denied, and the appeals are dismissed. *See Coppedge v. United States*, 369 U.S. 438, 444-46 (1962) (discussing 28 U.S.C. § 1915(a)(3)); 28 U.S.C. § 1915(e)(2)(B)(i).

Due to a clerical error, Mr. Adkins was not required to file a motion in this court for leave to proceed IFP in No. 12-3334. This appeal is also frivolous, however, and we deny IFP without requiring him to file a motion. *See Coppedge*, 369 U.S. at 444-46. Although the district court imposed filing restrictions in this case, Mr. Adkins' brief cannot be read to challenge them on appeal. His brief is no more than strings of case citations, with no meaningful argument raising any discernible, nonfrivolous issue. No. 12-3334 is therefore dismissed as frivolous.

Filing Restrictions in This Court

"[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989)

- 14 -

(per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts 'to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.'" *Id.* at 352 (quoting *Cotner v. Hopkins*, 795 F.2d 900, 902–03 (10th Cir. 1986) (per curiam)). Mr. Adkins has been granted the privilege of proceeding IFP in many cases, but he has abused that privilege. The district courts and this court have also construed his filings liberally, as required for pro se litigants. *See Haines*, 404 U.S. at 520-21. "When a litigant abuses these privileges, filing restrictions are appropriate." *Werner v. Utah*, 32 F.3d 1446, 1447 (10th Cir. 1994) (per curiam). In light of Mr. Adkins' lengthy and abusive filing history, summarized above, it is clear that restrictions are necessary to curb further frivolous pro se filings.

Therefore, Mr. Adkins is enjoined from proceeding in this court as an appellant or a petitioner without the representation of a licensed attorney admitted to practice in this court, unless he first obtains permission to proceed pro se. *See, e.g., Ysais v. Richardson*, 603 F.3d 1175, 1181 (10th Cir. 2010); *Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001); *Judd v Univ. of N.M.*, 204 F.3d 1041, 1044 (10th Cir. 2000). To do so, he must take the following steps:

1. File a petition with the clerk of this court requesting leave to file a pro se proceeding;

2. Include in the petition the following information:

a. A list, by case name, number, and citation where applicable, of all of his proceedings currently pending or filed previously in this court,

with a statement indicating the current status or disposition of each proceeding;

b.  A list apprising this court of all outstanding injunctions, contempt orders, or other judicial directions limiting his access to state or federal court, including orders and injunctions requiring him to be represented by an attorney; said list to include the name, number, and citation, if applicable, of all such orders and injunctions;

3.  File with the clerk a notarized affidavit, in proper legal form, which recites the issues he seeks to present, including a particularized description of the order or ruling being challenged and a short statement of the legal basis asserted for the challenge.  The affidavit must also certify, to the best of his knowledge, that the legal arguments advanced are not frivolous or made in bad faith; that they do not duplicate arguments previously raised and rejected in a prior case; that the arguments are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the appeal or other proceeding is not interposed for any improper purpose; and that he will comply with all federal appellate rules and local rules of this court.

These documents shall be submitted to the clerk of this court, who will review them for compliance with the above requirements.  The clerk will dismiss the appeal or other proceeding for failure to prosecute if Mr. Adkins does not submit a fully compliant petition.  *See* 10th Cir. R. 42.1.  If Mr. Adkins follows these procedures and submits a fully compliant petition, the clerk will forward the documents to the chief judge or her designee for review to determine whether to permit the pro se appeal or other proceeding.  Without the approval of the chief judge or her designee, the matter will not proceed.  If the chief judge or her designee approves the submission, an order will be entered indicating that the matter shall proceed in

- 16 -

accordance with the Federal Rules of Appellate Procedure and the Tenth Circuit Rules.

Mr. Adkins shall have ten days from the date of this order to file written objections, limited to fifteen pages, to these proposed sanctions. *See Kinnell*, 265 F.3d at 1130. Unless this court orders otherwise upon review of any timely filed objections, the restrictions shall take effect twenty days from the date of this decision and shall apply to any matter filed by Mr. Adkins with this court after that time. *See id.*

## Conclusion

In No. 11-3353, the judgment of the district court is affirmed. Nos. 12-3111, 12-3112, 12-3262, and 12-3334 are dismissed as frivolous; Mr. Adkins' outstanding motions to proceed IFP in Nos. 12-3111, 12-3112, and 12-3262 are denied; and IFP is denied in No. 12-3334 without requiring Mr. Adkins to file a motion. Mr. Adkins is directed to immediately pay the outstanding balance of the filings fees for all four of his appeals.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge